IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBORAH WILLETT, ADMINISTRATRIX : CIVIL ACTION
OF THE ESTATE OF DAVID WILLETT, :
DECEASED :
 :
vs. :
 :
 : NO. 08-5411
ALLSTATE INSURANCE COMPANY :

MARCH 4, 2009

O'NEILL, J.

## MEMORANDUM

Before me are the parties' cross motions for summary judgment. They agree that their dispute does not involve a genuine issue of material fact and have filed the following stipulation of facts.

1. On June 29, 2006, David Willett was a passenger in a motor vehicle operated by Thomas Piersiak which was struck by a motor vehicle operated by Belinda Grajewski at or near the intersection of Routes 131 and 1378 in Waldo, Maine when Thomas Piersiak pulled from a stop sign into the path of the Grajewski vehicle.

2. David Willett sustained fatal injuries in the motor vehicle accident, dying several hours after the accident occurred.

3. Thomas Piersiak was solely liable for the accident.

4. David Willett resided with his mother, Deborah Willett, at the time of the accident.

5. David Willett was 18 years of age at the time of the accident and was entering

1

his senior year at Coatesville High School in Chester County.

6. David Willett was unmarried and had no dependents.

7. Following the motor vehicle accident, claim was made upon Thomas Piersiak for recovery of damages arising from the death of David Willett.

8. No claim for recovery of conscious pain and suffering was made as a result of review of medical records and interviews of witnesses.

9. At the time of the accident, there existed, in full force and effect, a policy of insurance issued by the Allstate Insurance Company to Thomas Piersiak providing $250,000.00/$500,000.00 in liability coverage.

10. At the time of the accident, there also existed, in full force and effect, a personal umbrella policy issued by the Countryway Insurance Company to Thomas Piersiak providing $1,000,000.00 in liability coverage.

11. Following receipt of the claim for damages in tort, the Allstate Insurance Company and the Countryway Insurance Company made payment of $454,249.00 in full and complete settlement of all claims as follows:

    (a)    the Allstate Insurance Company tendered and paid the $250,000.00 liability limit of coverage under the personal auto policy issued to Thomas Piersiak; and

    (b)    the Countryway Insurance Company made payment of $204,209.00 under the personal umbrella policy issued to Thomas Piersiak.

12. Under Maine Law (18-A §2804 - Actions for Wrongful Death), damages in a Wrongful Death action are allowed for recovery of reasonable medical expenses, reasonable funeral expenses, and the loss of the love, comfort and society of the deceased.

13. Under Maine Law (18-1 §2804 - actions for Wrongful Death) non-economic

damages as authorized by statute are capped at $400,000.00.

14. The $454,249.00 settlement amount represented the maximum recoverable damages under Maine law as follows:

(a) the $54,249.00 represented the economic damages as authorized by Maine law; and

(b) the $400,000.00 represented the non-economic damages as authorized by Maine law.

15. The total settlement of the tort claims under Maine law in the amount of $454,249.00 represents the maximum recovery of damages under Maine law, including all medical expenses, funeral expenses, and the full amount of the $400,000.00 cap for emotional distress of the statutory heirs.

16. Deborah Willett, Administratrix of the Estate of David Willett, Deceased, sought Court Approval of the settlement of the tort claims by filing a Petition for Leave to Compromise and Settle Death Claims Pursuant to Pa.R.C.P. 2206.

17. On July 9, 2007, a hearing was conducted before the Honorable Katherine B.L. Platt of the Court of Common Pleas of Chester County in connection with the Petition. On the same date, Judge Platt entered an Order approving the settlement of all tort claims in the amount of $454,249.00.

18. Following the settlement of the tort claim as approved by Judge Platt, claim was made upon the Allstate Insurance Company for recovery of underinsured motorist benefits.

19. At the time of the accident, there existed, in full force and effect, a policy of insurance issued by the Allstate Insurance Company to Douglas and Deborah Willett, the

parents of the decedent, providing coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1701 et seq.

20. The policy of insurance issued by the Allstate Insurance Company to Douglas and Deborah Willett provided $100,000.00/$300,000.00 in unstacked underinsured motorist coverage (UIM).

21. Deborah Willett, Administratrix of the Estate of David Willett, Deceased, offered to give Allstate Insurance Company a credit of $1,250,000.00 representing the liability limits of the policies of the Allstate Insurance Company and Countryway Insurance Company applicable to the tort claims.

22. The Allstate Insurance Company denied the claim for recovery of underinsured motorist benefits maintaining the position that all damages recoverable under Maine law, which governs the claim, had been paid in full.

23. The question with respect to any obligation of the Allstate Insurance Company to provide underinsured motorist benefits under the policy issued to Deborah and David Willett, for the fatal injuries of the decedent, David Willett, arising from the motor vehicle accident in question constitutes an actual controversy for judicial determination under the Declaratory Judgment Act.

24. The controversy involves a dispute which is beyond the scope of arbitration under the policy of insurance under which claim has been made.

In addition, plaintiff's counsel has informed me that Piersiak was a resident of Maine and that his vehicle was registered in that state.

Defendant's policy provides as follows:

4

> Underinsured Motorist Insurance - Coverage SU
> If a limit of liability is shown on your declarations page for Underinsured Motorists Insurance-Coverage SU, we will pay damages to an insured person for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured auto. Bodily injury must be caused by accident and arise out of the ownership, maintenance or use of an underinsured auto. We will not pay any punitive or exemplary damages.

Defendant concedes that the decedent was an insured person under this policy. Under the unambiguous terms of this policy, plaintiff has the same rights of recovery against the defendant insurance company as plaintiff would have against Piersiak, the allegedly underinsured driver. See Adams v. Allstate Ins. Co., 40 Pa. D. & C.4 th 18, 22 (Pa. Comm. Pl. 1998).

Defendant contends that it is not required to make any payment pursuant to this provision because Maine law applies and under that law plaintiff has received all that she is legally entitled to recover from Piersiak.

Plaintiff contends that Pennsylvania law applies and that, under that law, a statutory cap on the amount of recoverable damages does not preclude a UIM claim.

The initial issue to be resolved is whether the law of Maine or the law of Pennsylvania applies. To resolve this issue, we turn to Pennsylvania's choice of law rules. Shuder v. McDonald's Corp., 859 F.2d 266, 269 (3d Cir. 1988).

Pennsylvania's law on this issue is clear. In Cipolla v. Shaposka, 267 A.2d 854 (Pa. 1970), a case directly on point, the plaintiff, a Pennsylvania resident, sustained an injury in Delaware while occupying a vehicle registered in Delaware and operated by a Delaware resident. The plaintiff sued the operator of the vehicle. Pennsylvania law permitted a guest to recover for an injury caused by his host's negligence but Delaware

did not. In holding that the recoverable damages were governed by Delaware law and affirming the grant of summary judgment for the defendant, the Supreme Court of Pennsylvania stated:

> [i]nhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's law just because a visitor from a state offering higher protection decides to visit there.

Cipolla, 267 A.2d at 856-57.

The present case is on all fours with Cipolla. The decedent was a Pennsylvania resident, Piersiak was a Maine resident, his vehicle was registered in Maine and the accident occurred in Maine. Maine law placed a cap on the damages recoverable by plaintiff; in Cipolla, Delaware law provided that the plaintiff had no cause of action. Plaintiff recovered all damages to which she was legally entitled under Maine law against Piersiak and therefore is not entitled to UIM under her policy.

The only case cited by plaintiff to support her proposition that Pennsylvania law applies is Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F. 3d 742 (3d Cir. 1999), a case involving a different factual situation. The question there was whether insurers had a duty to defend their insured against a lawsuit brought by a competitor for theft of trade secrets, unfair competition and reverse passing off. Id. at 744. The parties agreed that the insurance contracts were governed by Pennsylvania law. Id. at 745-46. While the Court of Appeals stated that Pennsylvania conflict of law principles dictate that an insurance contract is guided by the law of the state in which it is delivered, id. at 746, the Court was not presented with a choice of law question and did not consider Cipolla, which is controlling precedent in the present case.

Plaintiff concedes in her motion that prior to Kmonk v. State Farm Mutual Auto. Ins. Co., 788 A.2d 955 (Pa. 2001), the law favored Allstate's position in this matter:

> Prior to 2001, the Pennsylvania Supreme Court had never reviewed a case dealing with the issue of whether an insured is entitled to UIM benefits even though he received all monies that he was "legally entitled" to due to a statutory cap on damages. Prior to Kmonk, the law was in favor of Allstate's position in this case. In its denial letter . . ., Allstate cited three Federal Court cases in support of its position. See State Farm Mutual Insurance Co. v. Krewson, 764 F. Supp. 1012 (E.D. Pa. 1991); Zenker v. Allstate, 1993 U.S. Dist. LEXIS, 10779 (E.D. Pa. 1993); State Farm Mutual Insurance Company v. Cahill, 1996 U.S. Dist. LEXIS, 1241 (E.D. Pa. 1996). In all of those cases, the insured received the full amount of damages allowed under the laws of the place of the accident, i.e., Cayman Island, Israel, and New Jersey. The Federal Courts held in all three cases that the cases present a simple question of contract interpretation under Pennsylvania law and that Pennsylvania law gives full effect to the provisions of the insurance contract and specifically, the UIM (limits of liability) clause.

Plaintiff contends that Kmonk changed Pennsylvania law and holds that a statutory cap on damages does not preclude a UIM claim.

The Kmonk Court held that an insurance policy's exclusion of government vehicles from the definition of an underinsured motor vehicle violated the Pennsylvania Motor Vehicle Financial Responsibility Law. Kmonk, 788 A.2d at 962. The Court held that insureds were legally entitled to recover damages:

> As a result of the Commonwealth and local agency waivers of immunity, with regard to "the operation of any motor vehicle in the possession or control of . . . a Commonwealth party" (42 Pa.C.S. § 8522(b)) or local agency (42 Pa.C.S. § 8542(b)), Insureds' were legally entitled to recover damages. Insureds, therefore, satisfied the requirement of Section 1731(c), that UIM coverage provide protection for people who, among other things, are "legally entitled to recover damages. . ."

Id. at 961. After finding that the Commonwealth's waiver of immunity resulted in

insureds being legally entitled to recover damages, the Court considered whether the Commonwealth was underinsured. See id. The Kmonk Court found that the Commonwealth was underinsured because the damages cap made the "limits of available . . . self-insurance [] insufficient" to satisfy the damages of insureds. Id. This distinguishes Kmonk and supports Cipolla's continued governance of this case.

The two accidents which gave rise to Kmonk occurred in Pennsylvania. No party asserted that the law of any other state was applicable so the Court did not discuss or rule upon any choice of law issue; nor did it cite or discuss, much less overrule, Cipolla. Instead, unlike Cipolla and this case, which deal with limitations that other states' statutes placed on recovery for certain claims, Kmonk involved a damage cap created by a limitation on the Commonwealth's waiver of sovereign immunity. The cap on the damages recoverable from the Commonwealth in Kmonk is analogous to an insurance policy's limits on liability coverage which can make the policyholder underinsured. Kmonk does not address the cap on wrongful death actions provided by Maine law in this case. Thus, plaintiff cannot use the underinsured motorist provision in her policy to avoid the limitations on recovery under Maine law.

Accordingly, plaintiff's motion for summary judgment will be denied and defendant's motion will be granted. Given this result, I need not consider defendant's estoppel arguments or its argument that Piersiak's vehicle was not an underinsured motor vehicle within the meaning of the policy.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH WILLETT, ADMINISTRATRIX OF THE ESTATE OF DAVID WILLETT, DECEASED | : CIVIL ACTION<br>:<br>:<br>: |
| vs. | :<br>:<br>: |
| ALLSTATE INSURANCE COMPANY | : NO. 08-5411 |



### ORDER

And NOW this   4th   day of March 2009, it is hereby ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion is GRANTED. Judgment is entered in favor of defendant Allstate Insurance Company and against plaintiff Deborah Willett, Administratrix of the Estate of David Willett, Deceased.

THOMAS N. O'NEILL, JR.,   J.